UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLAUDEX SIMMONS, JR., | ) |
| Petitioner, | ) |
| vs. | ) No. 4:08-CV-1989 (CEJ) |
| TROY STEELE, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on the petition of Claudex Simmons Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

I. **Background**

On August 8, 2006, petitioner pled guilty to second-degree murder, armed criminal action, stealing-third offense, leaving the scene of an accident, and possession of drug paraphernalia. Resp. Ex. E 2-26. In pleading guilty, petitioner admitted that, on March 10, 2005, he stole several items from a drug store and, while driving away from the scene, he collided with another vehicle at a high speed, causing the death of the other driver. Petitioner testified at the guilty plea hearing that he had multiple prior convictions for stealing and that, by pleading guilty, he understood he could be sentenced to two life-terms of imprisonment plus a consecutive 15-year term of imprisonment.

On August 17, 2006, petitioner filed a *pro se* motion to withdraw his guilty plea.

---

[1]Petitioner filed an amended petition which includes the four grounds for relief presented in his original petition and two grounds for relief that were not previously asserted.

Id. at 27-37. On September 22, 2006, the trial court denied the motion and sentenced petitioner to two consecutive terms of life imprisonment for second-degree murder and armed criminal action and a consecutive four-year term of imprisonment for leaving the scene of an accident. Id. at 73-74. He was also sentenced to four years' imprisonment and one year of imprisonment for stealing-third offense and possession of drug paraphernalia, to be served concurrently with the other counts.

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035(b), which was denied on August 15, 2007. Resp. Ex. C 89-98. The Missouri Court of Appeals summarily affirmed the denial of post-conviction relief in a per curium opinion issued on June 19, 2008. Simmons v. State, 258 S.W.3d 884 (Mo. Ct. App. 2008) (Resp. Ex. F). Along with its opinion, the appeals court issued to the parties a non-precedential addendum explaining the basis for its decision. Id.

In the instant § 2254 petition, petitioner asserts six grounds for relief: (1) that his trial counsel was ineffective for failing review the drug store surveillance video prior to petitioner's trial; (2) that his trial counsel was ineffective for refusing to file a motion to withdraw petitioner's plea; (3) that there was an insufficient factual basis to support petitioner's conviction for second-degree murder; (4) that there was an insufficient factual basis to support petitioner's conviction for armed criminal action; (5) that petitioner's counsel was ineffective due to a conflict of interest that resulted in counsel's failure to advocate on behalf of petitioner at sentencing; and (6) that petitioner's consecutive life sentences for second-degree murder and armed criminal action constitute cruel and unusual punishment and a denial of equal protection. (Doc. #14).

II. <u>Legal Standard</u>

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively

unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

### III. Discussion

#### A. Procedurally-Defaulted Claims

As a prerequisite to seeking federal habeas corpus relief, a state prisoner must fairly present his claims to the state courts on direct appeal or in post-conviction proceedings. Murphy v. King, 652 F.3d 845, 848-50 (8th Cir. 2011) (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus … shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.1996). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Id. at 411-12. Similarly, a claim is also procedurally barred from federal review if the state court relied upon a state procedural rule as an independent and adequate basis for its disposition of the claim. Caldwell v. Mississippi, 472 U.S. 320, 327 (1985).

A state prisoner can overcome procedural default if he can demonstrate cause and actual prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). A demonstrated claim of actual innocence will also overcome procedural default. U.S. v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

"It is well established that ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." Wooten v. Norris, 578 F.3d 767 (8th Cir. 2009) (citing Coleman v. Thompson, 501 U.S. 722, 752-55 (1991); Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir.2007) ("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance.")); see also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Furthermore, where the basis for petitioner's claims were available to appeal counsel, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." Murphy, 652 F.3d at 850 (quoting Murray v. Carrier, 477 U.S. 478, 486 (1986)).

Petitioner did not raise grounds (2), (3), and (6) in his post-conviction appeal. Resp. Ex A 18-22. Nor has petitioner shown cause, prejudice or actual innocence to excuse his failure to exhaust his state-court remedies as to these claims. As such, the these claims are barred from review under 28 U.S.C. § 2254.

    B.    Ground (1)

Petitioner first asserts that he was denied effective assistance of counsel when

his attorney failed to throughly review the state's evidence prior to trial. Petitioner presented the same claim in his post-conviction appeal. The appeals court noted that, "[a]fter entering a guilty plea, a claim of ineffective assistance of counsel is material only to the extent if affected the voluntariness or understanding when the plea was entered." Resp. Ex. F (citing Rick v. State, 934 S.W.2d 601, 605 (Mo. Ct. App. 1996)). The appeals court found petitioner could not show prejudice resulting from his counsel's alleged error because, but for his attorney's failure to view the evidence refuting petitioner's sole defense at trial, there was no reasonable probability that petitioner would not have pled guilty. Id.

In order to succeed on his ineffective assistance of counsel claim, petitioner must show not only that his counsel's performance fell below an objective standard of reasonableness, but that he was prejudiced by his counsel's incompetence. Nelson v. Hvass, 392 F.3d 320, 323 (8th Cir. 2004) (citing Strickland v. Washington, 466 U.S. 668 (1984)). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Strickland, 466 U.S. at 689. To show prejudice, there must be a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Id.; Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (two-part Strickland test applies to ineffective-assistance claims arising out of the plea process). Following a conviction by guilty plea, this means a "reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Further, in order to obtain relief under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state court applied

Strickland incorrectly. Bell v. Cone, 535 U.S. 685, 699 (2002). "Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 131 S.Ct. 770, 788 (2011).

Here, the state courts' determination that petitioner could not show prejudice as a result of his counsel's alleged error is a reasonable application of the ineffective-assistance-of-counsel test set forth in Strickland. Strickland, 466 U.S. 668. Even assuming that petitioner's counsel's performance fell below an objectively reasonable standard in failing to review the surveillance video footage prior to trial, this fact did not change the evidence against petitioner that ultimately persuaded him to enter a guilty plea. That petitioner provided his counsel with inaccurate information and refused to accept a written plea agreement prior to trial despite his counsel's advice to do so almost certainly worsened the outcome in petitioner's case. This result, however, was due to petitioner's own actions and does not serve to undermine the knowing and voluntary nature of petitioner's guilty plea. Unlike cases where counsel's erroneous advice that a defendant proceed to trial resulted in an increased sentence, petitioner here proceeded to trial against the advice of his trial counsel. See U.S. v. Hernandez, 450 F.Supp.2d 950, 975 (N.D. Iowa 2006) (collecting cases). As such, the allegations by petitioner do not demonstrate prejudice under Strickland. Hill, 474 U.S. at 59.

Furthermore, during the guilty plea proceedings petitioner testified under oath that he was satisfied with his attorney's representation, that he was admitting the facts

establishing the crimes charged against him, and that he understood that the potential sentence. Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir.1990) (quoting Blackledge v.. Allison, 431 U.S. 63, 74 (1977)). "'[T]he representations of the defendant … at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.' " Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (also quoting Blackledge, 431 U.S. at 73-74). In light of the plea hearing colloquy, the state courts' determination that the alleged errors by petitioner's counsel do not undermine the voluntary nature of petitioner's guilty plea is reasonable and supported by evidence.

### C. Ground (4)

Petitioner next asserts that there was an insufficient factual basis to support his guilty plea for armed criminal action. The post-conviction appeal court rejected petitioner's argument, noting that Missouri law supports a conviction for armed criminal action based on the facts admitted to by petitioner.

Missouri law provides that a court must determine that there is a factual basis for conviction prior to accepting a guilty plea. See Mo. Sup. Ct. R. 24.02. Under federal habeas corpus relief, however, a claim of insufficient factual basis to support a conviction is not cognizable so long as a guilty plea was entered knowingly and voluntarily. Wabash v. Solem, 694 F.2d 155, 157 (8th Cir. 1982). In the case of a guilty plea entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), "a factual basis may be constitutionally required" because "the guilty plea is accompanied by claims of innocence." Wabash, 694 F.3d at 157 (citing Alford, 400 U.S. at 38). Here, however, petitioner's plea was not accompanied by any claim of innocence as allowed

under Alford, 400 U.S. 25. As discussed above, the state courts' determination that petitioner's plea was entered knowingly and voluntarily is reasonable and supported by the record.

Furthermore, petitioner's argument that his guilty plea was not knowing or voluntary due to an inadequate factual basis for armed criminal action under Missouri law is incorrect. As noted by the post-conviction motion court, petitioner's reliance on State ex rel. Green v. Moore, 131 S.W.3d 803 (Mo. 2004) is misplaced. The Moore court merely held that the Missouri legislature has prohibited the use of felonies listed in section 571.015.4 (weapons offenses) as predicates for armed criminal action. Id. The underlying felony in petitioner's case is second-degree murder, not one of the offenses referred to in Moore. Id.; see also State v. Flenoy, 968 S.W.2d 141, 144–45 (Mo. banc 1998) (armed criminal action based on second-degree murder, where the murder was, in turn, based on the felony of first-degree robbery); State v. Dudley, 51 S.W.3d 44, 47–48 (Mo. Ct. App. 2001) (armed criminal action, second-degree murder, and second-degree burglary, where the underlying offense for armed criminal action was burglary). As such, petitioner's state-law argument does not assist his claim that his guilty plea was made unknowingly or involuntarily.

### D. Ground (5)

Finally, petitioner asserts that his counsel was ineffective due to a conflict of interest that resulted in counsel's failure to advocate on behalf of petitioner at sentencing. Petitioner argues that his counsel's actions negatively impacted his sentencing because petitioner's counsel referred to petitioner as dishonest, manipulative, and proceeded to apologize to the victim's family by stating that it was "inexcusable that his case went to trial . . . and even if [petitioner] doesn't have the

guts or whatever he's lacking to tell you, I personally am sorry for any role that I've played." Resp. Ex. E at 71. The post-conviction appeal court addressed this argument, finding that petitioner did not suffer prejudice and that petitioner's counsel fulfilled his duty in advocating that petitioner receive a more favorable sentencing disposition. Resp. Ex. F.

The two-part Strickland test also applies where petitioner has alleged ineffective assistance of counsel based on a conflict of interest that "involves ethical issues other than multiple or serial representation." United States v. Young, 315 F.3d 911, 914 n. 5 (8th Cir. 2003). To be entitled to relief based on a conflict of interest, petitioner must show that there was an actual conflict that resulted in prejudice. Id.

The Court finds petitioner is not entitled to federal habeas corpus relief under ground (5) of his petition. First, petitioner cannot demonstrate an actual conflict by pointing to a lawyer's duty of loyalty to his client and the duty of honesty owed to the court. See Nix v. Whiteside, 475 U.S. 157, 176 (1986) (no prejudice arose from counsel's interference with defendant's intended perjury); U.S. v. Buck, 661 F.3d 364 (8th Cir. 2011). Although petitioner's counsel made several statements with regard to petitioner's *pro se* motion to withdraw his plea that may be inconsistent with representation, petitioner *chose* to proceed *pro se* for the purposes of that motion. He did not request new counsel for his motion to withdraw and made no objection to his counsel's renewed representation for sentencing. Id. at 373 (fact that petitioner proceeded *pro se* in his motion to withdraw, but was then represented by the same counsel at sentencing indicates no irreconcilable conflict).

Second, petitioner has offered no evidence that, but for the statements by his counsel at sentencing or with regard to the motion to withdraw, there is a reasonable

likelihood he would have received a lesser sentence. Petitioner's counsel argued that petitioner should not receive a maximum sentence or be punished for initially proceeding to trial. Petitioner was allowed to --and did-- make his own statement of apology to the court and victim's family. His counsel's statements did not affect the information before the trial court that was relevant to sentencing, nor does petitioner point to any mitigating evidence his counsel should have offered. Under these circumstances, the appellate court's determination that petitioner received effective assistance of counsel at sentencing was neither incorrect nor unreasonable. Cf. United States v. Swinney, 970 F.2d 494, 499 (8th Cir.1992) ("Although [the defendant] and his attorney differed on trial tactics and strategy, and expressed frustration with each other, the record does not reflect an irreconcilable conflict or complete breakdown in communication between them.").

## IV. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d). Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2012.